UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CONVENIENCE STORES LEASING
& MANAGEMENT, LLC,

    Plaintiff,

  v.                                          Case No. 24-CV-1209

SUKHWINDER SINGH and SANJAY
ARORA,

    Defendants.

---

### DECISION AND ORDER ON DEFENDANTS' MOTION TO TRANSFER VENUE

---

Convenience Stores Leasing & Management, LLC ("CSLM"), a franchisor, sued Sukhwinder Singh and Sanjay Arora, its franchisees, in Ozaukee County Circuit Court for breach of contract. (Docket # 1-2.) Defendants subsequently removed the action to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Docket # 1.) Defendants now move to transfer this action to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a). (Docket # 12.) For the reasons further explained below, Defendants' motion to transfer venue is granted.

### BACKGROUND

CSLM is a Wisconsin company located in Ozaukee County managing gas stations and gas station related activities. (Compl. ¶ 1.) CSLM is contracted to supply gasoline to the Shell Gas Station located at 23 East Main Street in Rossville, Indiana (the "Station"). (*Id.*) Defendants are Indiana residents and operate the Station. (*Id.* ¶ 2.) On or about November 3, 2010, CSLM and Defendants entered into a fuel supply agreement (the "Supply Agreement") in which the parties allegedly agreed that CSLM would be the exclusive fuel

supplier for the Station for a period of 25 years. (*Id.* ¶ 4.) CSLM alleges that it sold the Station to Defendants in 2010 for below market value on the basis that the parties would enter into the Supply Agreement. (*Id.* ¶ 5.) The Supply Agreement contains a provision entitled "Governing Law; Litigation," which provides as follows:

> 38. <u>Governing Law; Litigation</u>. This Agreement will be governed by and construed in accordance with the Laws of the State of Wisconsin, without regard to principles of conflicts of laws or choice or law. The parties agree that any litigation arising out of or in connection with this Agreement may be brought in the Ozaukee County, Wisconsin Circuit Court, and Purchaser hereby expressly consents to the jurisdiction and venue of such court and agrees not to assert any defense of improper venue or non-convenient forum.

(Compl. ¶ 2, Ex. A.) From November 2010 until May 2024, Defendants purchased fuel from CSLM "without any noticeable issues." (*Id.* ¶ 6.) The Station's fuel is purchased through CSLM's hauler, Corrigan Oil, with Defendants placing orders for fuel directly with Corrigan Oil. (*Id.* ¶ 8.)

CSLM alleges that at the end of May 2024, Defendants began asserting a series of fuel supply issues, claiming that only partial orders were being fulfilled. (*Id.* ¶ 10.) CSLM alleges that any supply issues were the result of Defendants' inactions and omissions in timely ordering fuel, not through any fault of CSLM and/or Corrigan Oil. (*Id.* ¶ 11.) Defendants sent CSLM letters in May and June 2024 alleging issues under the Supply Agreement; however, CSLM asserts that Defendants sent the letters to the wrong address. (*Id.* ¶ 12.) Towards the end of June 2024, Defendants purported to terminate the Supply Agreement and debranded the Station (i.e., removed all of the Shell branding and CSLM's equipment and trades) without CSLM's approval. (*Id.* ¶ 13.) CSLM alleges that Defendants' action of debranding the Station caused CSLM to be out of compliance with the Shell brand

requirements. (*Id.* ¶ 14.) On August 9, 2024, CSLM sued Defendants in Ozaukee County Circuit Court for breach of the Supply Agreement. (*Id.* ¶¶ 15–21.)

Defendants removed the action to federal court on September 23, 2024, on the basis of diversity jurisdiction. (Docket # 1.) Defendants filed an answer and counterclaimed against CSLM for breach of contract, breach of the implied duty of good faith and fair dealing, and inducement by misrepresentation. (Countercls. ¶¶ 55–80, Docket # 7.) On December 6, 2024, Defendants moved to transfer venue to the United States District Court for the Southern District of Indiana, on the grounds that it is a more appropriate forum to hear this action. (Docket # 12.)

Pursuant to Civil L.R. 7(b) (E.D. Wis.), CSLM's response brief was due within 21 days of service of the motion, making the due date December 30, 2024. *See* Civil L.R. 7(b) (E.D. Wis.). CSLM failed to file a timely response. Instead, in a letter dated January 8, 2025, CSLM informed the Court that the parties had agreed on a different briefing schedule. (Docket # 15.) This is improper. Litigants cannot unilaterally amend the due dates provided for in the Local Rules without prior Court approval. Worse yet, the Court was not informed of the parties' agreement until over a week *after* CSLM's response was overdue. While I could strike the parties' untimely pleadings and decide the motion based solely on the opening brief and declaration provided, I have considered both CSLM's response brief and Defendants' reply brief in addressing this motion.

## STANDARD OF REVIEW

As an initial matter, the parties disagree on the proper standard of review. Defendants argue that 28 U.S.C. § 1404(a) applies. Section 1404 provides that for "the convenience of parties and witnesses, in the interest of justice, a district court may transfer

3

any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The statute permits a 'flexible and individualized analysis' and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations." *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977–78 (7th Cir. 2010) (internal citation omitted). The statutory language "guides the court's evaluation of the particular circumstances of each case and is broad enough to allow the court to take into account all factors relevant to convenience and/or the interests of justice." *Id.* at 978.

As to the convenience evaluation, courts generally consider the availability of and access to witnesses, each party's access to and distance from resources in each forum, the location of material events, and the relative ease of access to sources of proof. *Id.* (internal citations omitted). The "interest of justice" element of the transfer analysis relates to "the efficient administration of the court system" and looks to such factors as docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy. *Id.* (internal citations omitted). "The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Id.*

CSLM, however, contends that "Section 38: Governing Law; Litigation" in the Supply Agreement is a valid forum-selection clause; thus, under *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49 (2013), the traditional analysis under § 1404(a) does not apply. (Docket # 16 at 3.) Rather, CSLM argues that the Court engages in a two-

4

step analysis, first considering whether the clause is valid and second considering whether exceptional circumstances warrant nonenforcement. *See Atl. Marine Const.*, 571 U.S. at 62–66.

Interestingly, while CSLM argues that this action should not be transferred to the Southern District of Indiana because of Section 38 of the Supply Agreement, it does not argue that the case should be remanded back to the Ozaukee County Circuit Court based on the forum-selection clause. CSLM argues that the Agreement designated "Ozaukee County and the Wisconsin circuit courts as the chosen venue" and that Defendants "removed the matter to the Eastern District of Wisconsin given their right to do so under diversity jurisdiction." (Docket # 16 at 6.) But Section 38 does not generally provide for venue in both Wisconsin state courts and federal courts sitting in Wisconsin. Rather, it states that litigation may be brought "in the Ozaukee County, Wisconsin Circuit Court." Given that parties can waive their statutory right to removal through a forum-selection clause, *see Mfg. & Mktg. Concepts, Inc. v. S. California Carbide*, 920 F. Supp. 116, 119 (N.D. Ill. 1996), if the venue clause in Section 38 is indeed mandatory, venue would not be proper in this Court.

But the plain language of Section 38 does not mandate venue in Ozaukee County Circuit Court. The Supply Agreement states that the parties agree that any litigation arising out of or in connection with the Agreement *may* be brought in the Ozaukee County, Wisconsin Circuit Court. The Supply Agreement uses the permissive term "may," as opposed to a mandatory term such as "must," "shall," or "will." *See Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 762 (7th Cir. 2006) ("We have said that where venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further

language indicating the parties' intent to make venue exclusive."). Because the contract does not state that actions arising out of the Supply Agreement must be filed *only* in the Ozaukee County Circuit Court, the venue provision is permissive, not mandatory. The Court in *Atl. Marine Const.* addressed mandatory forum-selection clauses, finding that the § 1404(a) calculus changes when the parties contractually agree to the most proper forum. 571 U.S. at 63. But the provision in this case is permissive. Thus, the motion is properly analyzed under § 1404(a).

## ANALYSIS

Transfer is appropriate under § 1404(a) where the moving party demonstrates that (1) venue is proper in the transferor district, (2) venue and jurisdiction are proper in the transferee district, and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice. *Coll. Craft Companies, Ltd. v. Perry*, 889 F. Supp. 1052, 1054 (N.D. Ill. 1995). I will address each element in turn.

    1.    *Whether Venue is Proper in the Eastern District of Wisconsin*

Defendants argue that venue is proper in this Court because part of the events or omissions giving rise to the claims or counterclaims occurred in this district, namely, the parties executed the Supply Agreement in Mequon, Wisconsin, which is located in this district. (Docket # 13 at 6.) The federal venue statute provides that a civil action may be brought in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2).

While Defendants argue that Section 38 is unenforceable under the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. § 2801 *et seq.*, I need not address this issue.

Rather, because the plain language of Section 38 does not mandate venue in Ozaukee County Circuit Court, the Supply Agreement did not prohibit Defendants from removing the Ozaukee County Circuit Court action to this Court. Further, given the contract was executed in the district, I find that venue is proper in the Eastern District of Wisconsin.

       2.      *Whether Venue and Jurisdiction are Proper in the Southern District of Indiana*

An action can only be transferred to another district pursuant to § 1404(a) if the action could have been filed in the transferee district in the first instance. Defendants argue that venue is proper in the Southern District of Indiana because a substantial part of the events or omissions giving rise to the claims or counterclaims occurred in that district. (Docket # 13 at 6.)

While Defendants rely on § 1391(b)(2), I find that § 1391(b)(1) is dispositive here. Section 1391(b)(1) provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Both defendant Singh and defendant Arora reside in the Southern District of Indiana. (Declaration of Sukhwinder Singh ("Singh Decl.") ¶ 3, Docket # 14.) Thus, personal jurisdiction and venue are proper in the Southern District of Indiana because both Defendants are Indiana residents. *See Perry*, 889 F. Supp. at 1054. Thus, I find that venue and personal jurisdiction are proper in the Southern District of Indiana.

       3.      *Whether this Action Should be Transferred to the Southern District of Indiana*

I must now consider whether a transfer to the Southern District of Indiana will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice.

7

### 3.1 Convenience of the Parties and Witnesses

Defendants have the burden of showing that "the transferee forum is clearly more convenient." *Heller Fin., Inc.*, 883 F.2d at 1293. Again, in evaluating the convenience element, courts generally consider the availability of and access to witnesses, each party's access to and distance from resources in each forum, the location of material events, and the relative ease of access to sources of proof. *Rsch. Automation, Inc.*, 626 F.3d at 978.

CSLM is a Wisconsin limited liability company located in Ozaukee County, Wisconsin, in the Eastern District of Wisconsin. (Compl. ¶ 1.) CSLM has three members, who all currently reside in Wisconsin. (Singh Decl. ¶ 24.) CSLM, however, does business in Indiana by supplying fuel to Defendants' several gas stations, including (until recently) the Station at issue in this case. (*Id.* ¶ 18.) Defendants both reside in Indiana, do business in Indiana, and do not do business in Wisconsin. (*Id.* ¶¶ 3, 20, 27.) While CSLM and Defendants had an informal business relationship since 2008, the parties decided to formalize it on November 3, 2010. (*Id.* ¶ 6.) The Supply Agreement at the heart of this action was executed during an in-person meeting in Mequon, Wisconsin. (*Id.* ¶ 7.)

Defendants were present at the meeting, as were Bachan Singh, Jaspal Dhaliwal, and Dashan Dhaliwal, representing CSLM. (*Id.* ¶ 11.) Sukjminder Pandher and Sukhdev Singh Samra, who were involved in the real estate transactions concerning the Station, were also present at the signing. (*Id.*) Pandher resides in Kentucky and Samra resides in the Indianapolis metropolitan area. (*Id.* ¶ 15.)

Defendants argue that one of the issues in this action is the Supply Agreement's period of exclusivity. While CSLM contends the parties' had an exclusive agreement for 25 years, Defendants contend that CSLM repeatedly represented that the Supply Agreement's

8

term was actually 10 years and specifically made this representation during the November 3, 2010 meeting. (*Id.* ¶ 17.) As CSLM did not provide the entirety of the contract at the time of signing (*id.* ¶ 8), Defendants argue that the testimony of all those present at the November 3, 2010 meeting will be critical. And of those individuals, besides the two Defendants residing in Indiana, non-party Samra also resides in Indiana.

As to witnesses, Defendants argue that their own testimony will be critical, as they placed the fuel orders at issue, issued payments, and monitored the delivery of fuel. (*Id.* ¶ 21.) Defendants argue that they expect to discover the identity of truck drivers and others related to the handling and transportation of fuel from the Indianapolis Terminal to the Station, stating that these are material witnesses on the performance of the Supply Agreement. (Docket # 13 at 9.) Defendants expect that these individuals will likely reside in Indiana given their work entails transportation from Indianapolis to the Station. (*Id.*)

Defendants further argue that the location of operative events favors Indiana. Defendants assert that the gas station at issue is in Indiana, Defendants placed the fuel orders and issued payments from Indiana, and the fuel was delivered to the Station by truck from a terminal located in or around Indianapolis. (Singh Decl. ¶¶ 5, 16, 21.) Defendants argue that both their alleged breach of the Supply Agreement, as well as CSLM's alleged actions underlying Defendants' counterclaims (i.e., the alleged faulty deliveries in breach of the Supply Agreement), all occurred in Indiana. (*Id.* ¶ 29.)

I agree that the convenience element favors Indiana over Wisconsin. While CSLM is a Wisconsin company and executed the Supply Agreement at issue in Wisconsin, the connection to Wisconsin ends there. CSLM contracted with a franchisee located in Indiana. The Station at issue in this case is located in Indiana. CSLM used a non-Wisconsin

9

company, Corrigan Oil, to transport fuel from the Indianapolis Terminal to the Station at issue (Docket # 13 at 9) and had Defendants purchase fuel directly from Corrigan Oil (Compl. ¶ 8). Defendants assert that while Corrigan Oil provides services in Michigan, Ohio, and Indiana, it does not provide services in Wisconsin. (Docket # 13 at 9.) In other words, the placement of fuel orders, the payments for fuel, and the delivery of fuel all occurred in Indiana. (Singh Decl. ¶ 21.) Even if Defendants travelled to CSLM's Mequon office for business on occasion as CSLM asserts (*see* Declaration of Jaspal S. Dhaliwal ¶ 16–18, Docket # 17), ultimately, the facts underlying both parties' breach of contract claims occurred principally in Indiana. Given the location of nearly all material events occurred in Indiana, the convenience element weighs in favor of transfer to Indiana.

      3.2     Interest of Justice

Once again, the interest of justice element of the analysis relates to the efficient administration of the court system and looks to such factors as docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy. *Rsch. Automation, Inc.*, 626 F.3d at 978.

Defendants argue that although the Supply Agreement's choice-of-law provision identifies Wisconsin law as the governing law, the provision is unenforceable and in reality, Indiana law applies. (Docket # 13 at 12–16.) Thus, Defendants contend that the Southern District of Indiana will be more familiar with the law of the state where it sits than other states' district courts. (*Id.* at 16.) Again, I need not decide whether Section 38 is enforceable or which state's law governs interpretation of the contract. Federal courts sitting in diversity

10

must apply state law, and the state law applied is not always the law of the state where the federal court sits. Thus, I am unconvinced this factor weighs heavily in favor of transfer.

However, the relationship of each community to the controversy counsels transfer to Indiana. Again, although CSLM is a Wisconsin company, after the Supply Agreement is signed in Wisconsin, the connection to Wisconsin wanes. CSLM uses Corrigan Oil as a go-between for Defendants to purchase fuel, and Corrigan Oil delivered the fuel within Indiana to the Indiana Station at issue. CSLM alleges that Defendants purported to terminate the Supply Agreement and debranded the Station without approval. (Compl. ¶¶ 13–14.) These alleged breaches of the supply agreement occurred in Indiana. Defendants counterclaim against CSLM, alleging that it failed to timely and accurately deliver fuel (Countercls. ¶¶ 57, 67), causing Defendants to be unable to provide fuel to their own customers from their Indiana Station (Docket # 13 at 19). Given the strong ties of each parties' causes of action to Indiana, Indiana has a greater interest in resolving these conflicts. For all of these reasons, the interest of justice favors transfer of this case to Indiana.

## CONCLUSION

Defendants move to change venue pursuant to 28 U.S.C. § 1404(a), transferring this case to the Southern District of Indiana. For the reasons explained above, Defendants' motion to change venue is granted. This case will be transferred to the Southern District of Indiana.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Defendants' Motion to Change Venue (Docket # 12) is **GRANTED**. The case is hereby transferred to the Southern District of Indiana.

Dated at Milwaukee, Wisconsin this 12th day of February, 2025.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge

12